ROY B. THOMPSON, OSB 825013
Lead Counsel
roythompson@comcast.net
AMY M. BOGRÁN, OSB 990051
amymbogran@comcast.net
THOMPSON BOGRÁN, PC
5 Centerpointe Dr., Suite 400A
Lake Oswego, Oregon 97035
Telephone: 503.635.3400
Facsimile: 503.635.3897

Of Attorneys for Plaintiff

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| **ROY B. THOMPSON,** | Case No. 3:14-cv-02032-PK |
| Plaintiff, | **FIRST AMENDED COMPLAINT** |
| v. | Fair Credit Reporting Act (15 U.S.C. § 1681 et seq.) Defamation Money Had and Received Declaratory Relief |
| **INNOVIS DATA SOLUTIONS, INC., EXPERIAN INFORMATION SOLUTIONS, INC., TRANSUNION, LLC, J. P. MORGAN CHASE & CO., dba CHASE BANK, PROVIDENCE HEALTH & SERVICES – OREGON, BANK OF AMERICA CORPORATION, FIA CARD SERVICES, N.A.** | Jury Trial Demanded |
| Defendants. | |

Page 1 - FIRST AMENDED COMPLAINT

Plaintiff alleges that all times material:

1.

This is a civil action brought under the Fair Credit Reporting Act "FCRA"),
15 U.S.C. § 1681 et seq.  The Court has jurisdiction pursuant to 15 U.S.C. §
1681p.

2.

Plaintiff Roy B. Thompson ("Plaintiff") is a natural person and consumer
residing in the State of Oregon, as defined by the Fair Credit Reporting Act
("FCRA"), 15 U.S.C. § 1681a(c).

3.

Defendant Experian Information Solutions, Inc. ("Experian"), is an Ohio
corporation doing business throughout the country and in the State of Oregon.
Experian is a consumer reporting agency as defined by FCRA, 15 U.S.C. 1681a(f).

4.

Defendant TransUnion, LLC ("TransUnion"), is a Delaware limited liability
company doing business throughout the country and in the State of Oregon.
TransUnion is a consumer reporting agency as defined by FCRA, 15 U.S.C.
1681a(f).

//

5.

Defendant Innovis Data Solutions, Inc. ("Innovis") is a Missouri corporation doing business throughout the United States and in Oregon. It is a consumer reporting agency as defined by FCRA, 15 U.S.C. 1681a(f).

6.

Defendant J. P. Morgan Chase & Co., dba Chase Bank, is a Delaware banking entity doing business throughout the United States and in Oregon. It is a credit furnisher as defined by FCRA, 15 U.S.C. 1681s-2.

7.

Defendant Bank of America Corporation is a Delaware entity doing business in Oregon. It is a credit furnisher as defined by FCRA, 15 U.S.C. 1681s-2. Defendant FIA Card Services, N.A. (FIA) is its wholly owned subsidiary, doing business in Oregon. It is a credit furnisher as defined by FCRA, 15 U.S.C. 1681s-2.

8.

Defendant Providence Health & Services - Oregon is an Oregon non profit entity doing business in Oregon. It is a credit furnisher as defined by FCRA, 15 U.S.C. 1681s-2.

Page 3 - FIRST AMENDED COMPLAINT

9.

All defendants have had contact, including written communications, with

Plaintiff in Oregon, while knowing that Plaintiff was residing in Oregon, and have

caused injury to Plaintiff knowing that Plaintiff resides in Oregon.

10.

This Complaint alleges federal law questions and state law questions. This

Court may exercise pendent jurisdiction over the state law questions.

11.

In early 2014, Plaintiff entered into a contract to purchase a house in Lake

Oswego, Oregon. In order to obtain financing for the purchase, Plaintiff applied

for a loan from Umpqua Bank. Plaintiff's loan application was denied due to

negative items on his credit report. The negative items were placed on his report

by Defendants Providence Health & Services, Bank of America and/or its

subsidiary FIA, and J.P. Morgan Chase ("Chase Bank").

12.

On or about January 8, 2014, Plaintiff received a copy of his credit report

from CoreLogic Credco. The report contained false, inaccurate, and derogatory

collection accounts improperly attributed to him.

13.

The false, inaccurate, and derogatory collection accounts improperly attributed to Plaintiff included the following (item numbers refer to the Credco credit report numbering):

a.    Negative Credit Report Item # 1 by Defendant Chase Bank falsely reporting delinquency in March, 2010 regarding a Chase Account identified herein as "A". Chase Bank had previously written to Plaintiff on November 16, 2010 saying that it received payment on time and it would notify the credit reporting agencies accordingly.

b.    Negative Credit Report Item # 2 by Defendant Chase Bank falsely reporting delinquent payment on a mortgage in 2008 regarding a Chase Account identified herein as "B". Plaintiff submitted receipts showing payments to Defendants Chase Bank, Experian, Innovis, and TransUnion, yet none of these defendants have corrected the report.

c.    Negative Credit Report Items # 3 and 4 by Professional Credit Services, the collection agency for Defendant Providence Health & Services, falsely reporting a $250 copay debt. On January 15, 2014, Professional Credit Service wrote to Plaintiff letter stating that Providence Health & Services had cancelled the collection and the credit reporting agencies would be notified accordingly. Items 3 and

4 were identical, thus causing Plaintiff double credit score loss for the same incorrect data.

d.     Negative Credit Report Item # 5 by Defendant Bank of America and/or its subsidiary FIA, falsely reporting an overdue annual fee for a credit card which Plaintiff never activated. On January 10, 2014, Bank of America wrote to Plaintiff stating that his account had no delinquency and that Bank of America had written to the credit reporting agencies to update Plaintiff's report accordingly.

14.

Plaintiff ultimately obtained financing through Banner Bank.  However, Plaintiff had to pay an interest rate 1.4% higher than he would have been charged if he had obtained the Umpqua Bank loan, resulting in approximately $150,000 in economic damages.

15.

Plaintiff has suffered the following actual damages: the plaintiff received a loan at 5% through Banner Bank versus the 3.6% Umpqua loan, resulting in approximately $150,000 in damages.

//

//

//

## FIRST CLAIM FOR RELIEF

FCRA - 15-USC § 1681n - Willful Actions

Against Defendants Experian, Innovis, and TransUnion

17.

Plaintiff realleges paragraphs 1- 14 as if fully set forth herein.

18.

On or about January 14, 2014, Plaintiff notified Experian and TransUnion, that it had placed incorrect information regarding Plaintiff relating to Chase Account "A". On January 17, 2014, Plaintiff notified Innovis it had also placed incorrect information regarding Plaintiff relating to the same account. Plaintiff notified all of these credit reporting agencies that Plaintiff was purchasing a house and that the report needed to be removed immediately to prevent injury to Plaintiff. The report now appears to be corrected on Plaintiff's account; however, the report was not corrected in time to prevent injury to Plaintiff.

19.

On or about January 14, 2014, Plaintiff notified Experian and TransUnion that it had placed incorrect information regarding Plaintiff relating to Chase Account "B". On January 17, 2014, Plaintiff notified Innovis it had also placed incorrect information regarding Plaintiff relating to the same account. Plaintiff notified all of these credit reporting agencies that Plaintiff was purchasing a house

Page 7 - FIRST AMENDED COMPLAINT

and that the report needed to be removed immediately to prevent injury to Plaintiff. The report was never corrected, thus causing Plaintiff injury.

20.

Experian, Innovis, and TransUnion willfully failed to comply with the requirements imposed under the FCRA, 15 U.S.C. § 1681, et seq., including but not limited to:

a)   failing to follow reasonable procedures to assure maximum possible accuracy of the information in consumer reports, as required by 15 U.S.C. § 1681e;

b)   failing to comply with the investigation and reinvestigation requirements in 15 U.S.C. § 1681i.

21.

As a result of Experian and TransUnion's violations of the FCRA, Plaintiff has suffered the following actual damages: the plaintiff received a loan at 5% through Banner Bank versus the 3.6% Umpqua loan, resulting in approximately $150,000 in damages and any statutory damages. These defendants are jointly and severally liable for damages caused under the FCRA.

22.

Defendants' complete and utter indifference to its obligations under the FCRA reveals a conscious disregard of the rights of Plaintiff, and the injuries

Page 8 - FIRST AMENDED COMPLAINT

suffered by Plaintiff are attended by circumstances of fraud, malice, and willful and wanton misconduct, calling for an assessment of punitive damages against Defendants, pursuant to 15 USC § 1681n.

23.

Plaintiff is entitled to his attorney fees, pursuant to 15 U.S.C. § 1681n.

## SECOND CLAIM FOR RELIEF

FCRA - 15 U.S.C. § 1681o - Negligent Actions

Against Defendants Experian, Innovis, and TransUnion

24.

Plaintiff realleges paragraphs 1 - 23 as if fully set forth herein.

25.

On or about January 14, 2014, Plaintiff notified Experian and TransUnion, that it had placed incorrect information regarding Plaintiff relating to Chase Account "A." On January 17, 2014, Plaintiff notified Innovis it had also placed incorrect information regarding Plaintiff relating to the same account. Plaintiff notified all of these credit reporting agencies that Plaintiff was purchasing a house and that the report needed to be removed immediately to prevent injury to Plaintiff. The report now appears to be corrected on Plaintiff's account; however, the report was not corrected in time to prevent injury to Plaintiff.

//

26.

On or about January 14, 2014, Plaintiff notified Experian and TransUnion that it had placed incorrect information regarding Plaintiff relating to Chase Account "B". On January 17, 2014, Plaintiff notified Innovis it had also placed incorrect information regarding Plaintiff relating to the same account. Plaintiff notified all of these credit reporting agencies that Plaintiff was purchasing a house and that the report needed to be removed immediately to prevent injury to Plaintiff. The report was never corrected, thus causing Plaintiff injury.

27.

On or about January 14, 2014, Plaintiff notified Experian and TransUnion that it had placed incorrect information regarding Plaintiff relating Providence Health and Services. Plaintiff notified all of these credit reporting agencies that Plaintiff was purchasing a house and that the report needed to be removed immediately to prevent injury to Plaintiff. The report now appears to be corrected on Plaintiff's account; however, the report was not corrected in time to prevent injury to Plaintiff.

28.

Experian, Innovis, and TransUnion negligently failed to comply with the requirements imposed under the FCRA, including but not limited to:

a)   failing to follow reasonable procedures to assure maximum possible accuracy of the information in consumer reports, as required by 15 U.S.C. § 1681e;

b)   failing to comply with the investigation and reinvestigation requirements in 15 U.S.C. § 1681i.

29.

As a result of Experian, Innovis, and TransUnion's violations of the FCRA, Plaintiff has suffered the following actual damages: the plaintiff received a loan at 5% through Banner Bank versus the 3.6% Umpqua loan, resulting in approximately $150,000 in damages. These defendants are jointly and severally liable for damages caused under the FCRA.

30.

Defendants' complete and utter indifference to its obligations under the FCRA reveals a conscious disregard of the rights of Plaintiff, and the injuries suffered by Plaintiff are attended by circumstances of fraud, malice, and willful and wanton misconduct, calling for an assessment of punitive damages against Defendants, pursuant to 15 USC § 1681n.

31.

Plaintiff is entitled to his attorney fees, pursuant to 15 U.S.C. § 1681o.

Page 11 - FIRST AMENDED COMPLAINT

## THIRD CLAIM FOR RELIEF

FCRA - 15-USC § 1681s-2

Against Defendant Chase Bank - Chase Account "B"

32.

Plaintiff realleges paragraphs 1- 31 as if fully set forth herein.

33.

To the best of Plaintiff's knowledge, Defendants Experian, Innovis, and TransUnion notified Defendant Chase that the account was disputed.

34.

Plaintiff personally contacted Defendant Chase Bank beginning January 10, 2014 via facsimile transmission and certified and regular mail that Plaintiff disputed the incorrect information Defendant had placed on Plaintiff's credit report. Plaintiff informed Defendant that the incorrect information needed to be removed immediately to prevent injury to Plaintiff due to Plaintiff's financing needs. Plaintiff and Defendant had multiple communications during the next few weeks, including at one point a refusal by Defendant to share information with Plaintiff because it did not have "permission from the customer to share information."

//

//

Page 12 - FIRST AMENDED COMPLAINT

35.

Despite the credit reporting agencies' notification of Plaintiff's dispute and
Plaintiff's communications directly with Defendant Chase Bank, Defendant Chase
Bank did not correct its inaccurate report regarding Account "B".

36.

Defendant Chase Bank violated Plaintiff's rights under the FCRA by

a)    failing to conduct a reasonable investigation into the accuracy of the
      information regarding Account "B".

b)    failing to update incomplete or inaccurate information it had
      previously reported to the credit reporting agencies.

c)    failing to update its report to the credit reporting agencies to include a
      statement that the negative report was disputed, thus creating a
      misleading report which can be expected to have an adverse effect on
      Plaintiff.

37.

As a result of Defendant Chase Bank's actions, Plaintiff has suffered the
following actual damages: the plaintiff received a loan at 5% through Banner
Bank versus the 3.6% Umpqua loan, resulting in approximately $150,000 in
damages.

//

38.

Plaintiff is entitled to attorney fees and costs of this action pursuant to 15 U.S.C. § 1681o.

39.

Defendant Chase Bank's complete and utter indifference to its obligations under the FCRA reveals a conscious disregard of the rights of Plaintiff, and the injuries suffered by Plaintiff are attended by circumstances of fraud, malice, and willful and wanton misconduct, calling for an assessment of punitive damages against Chase Bank, pursuant to 15 USC § 1681n.

## FOURTH CLAIM FOR RELIEF

### DEFAMATION

### Against Bank of America and its Subsidiary FIA

40.

Plaintiff realleges paragraphs 1 - 41 above.

41.

Plaintiff received a credit card from Defendant Bank of America and/or its subsidiary FIA which Plaintiff never activated.

42.

Defendant Bank of America and/or its subsidiary FIA billed Plaintiff for the annual fee for the credit card.  Defendant may also have billed Plaintiff for interest

Page 14 - FIRST AMENDED COMPLAINT

on the annual fee for the credit card.

43.

Plaintiff did not pay any sums to Defendant and/or its subsidiary FIA on this account.

44.

Defendant Bank of America and/or its subsidiary FIA reported Plaintiff delinquent to the credit reporting agencies.

45.

Defendant Bank of America and/or its subsidiary FIA knew Plaintiff had never activated the card when it reported Plaintiff as delinquent.

46.

Plaintiff did not owe any money to Defendant Bank of America.

47.

Defendant's report was done with malice and/or intent to injure Plaintiff.

48.

Plaintiff's reputation was injured by Defendant's false report to the credit reporting agencies in that his credit score was lowered causing him to be perceived as a higher risk credit applicant.

//

//

49.

Plaintiff demanded a retraction from Defendant Bank of America.  Bank of America ultimately wrote a letter that it was notifying the credit bureaus that the account was up to date.  However, the retraction was too late to prevent injury to Plaintiff.

50.

As a direct cause of Defendant's defamation, Plaintiff has the following actual damages: the plaintiff received a loan at 5% through Banner Bank versus the 3.6% Umpqua loan, resulting in approximately $150,000 in damages.

51.

Defendant Bank of America and/or FIA's complete and utter indifference to its obligations under the common law and reveals a conscious disregard of the rights of Plaintiff, and the injuries suffered by Plaintiff are attended by circumstances of fraud, malice, and willful and wanton misconduct, calling for an assessment of punitive damages.

## FIFTH CLAIM FOR RELIEF

### DEFAMATION

Against Providence Health & Services

52.

Plaintiff realleges paragraphs 1 - 51 above.

Page 16 - FIRST AMENDED COMPLAINT

53.

Plaintiff received medical treatment for an injury to his eye from Providence. At the time Plaintiff received the treatment, he was charged a $35 copay. He paid the $35 copay in a timely manner.

54.

At some time after treatment, Defendant Providence Health & Services decided to charge Plaintiff a $250 copay. This is in violation of the terms of Plaintiff's contract for health services and in violation of the agreed $35 copay at the time of the medical treatment. In addition, Defendant was improperly holding $266 of Plaintiff's money, more than enough to cover the claimed $250. Defendant's attempts to collect the $250 were fraudulent in that Defendant misrepresented to Plaintiff that he owed money to Defendant even though he had already paid the copay and even though Defendant was already holding more than enough of Plaintiff's money to cover the copay.

55.

Defendant Providence Health & Services, and/or its agent Professional Credit Service reported Plaintiff delinquent to the credit reporting agencies despite knowing that Plaintiff had already paid the $35 copay and despite improperly holding $266 of Plaintiff's money which was more than enough to cover the claimed $250.

Page 17 - FIRST AMENDED COMPLAINT

56.

Defendant Providence and/or its agent Professional Credit Service reported the delinquency as two separate accounts, both of which were delinquent, resulting in double credit score reductions for the same incident.

57.

Plaintiff did not owe any money to Providence Health & Services.

58.

Defendant's reports were done with malice and/or intent to injure Plaintiff.

59.

Plaintiff's reputation was injured by Defendant's false report to the credit reporting agencies in that his credit score was lowered causing him to be perceived as a higher risk credit applicant.

60.

Plaintiff demanded a retraction from Defendant Providence Health & Services.  Defendant's agent, Professional Credit Service, ultimately wrote a letter that it was notifying the credit bureaus that the account was "canceled."  However, the retraction was too late to prevent injury to Plaintiff.

61.

As a direct cause of Defendant's defamation, Plaintiff has suffered the following actual damages: the plaintiff received a loan at 5% through Banner

Page 18 - FIRST AMENDED COMPLAINT

Bank versus the 3.6% Umpqua loan, resulting in approximately $150,000 in damages.

62.

Defendant Providence's complete and utter indifference to its obligations under common law and reveals a conscious disregard of the rights of Plaintiff, and the injuries suffered by Plaintiff are attended by circumstances of fraud, malice, and willful and wanton misconduct, calling for an assessment of punitive damages.

## SIXTH CLAIM FOR RELIEF

### DEFAMATION

Against Defendant Chase bank

63.

Plaintiff realleges paragraphs 1 - 62 above.

64.

Plaintiff received two loans from Washington Mutual, which were ultimately sold to Chase Bank: Accounts "A" and "B".

65.

Defendant Chase Bank claims that Plaintiff was late on payments on Chase Account "B" in 2008.  Defendant reported this account as delinquent to the credit reporting agencies.

66.

Plaintiff made all payments on time on Chase Account "B".  Plaintiff has
the receipts for 2008 payments and has submitted copies of these receipts to
Defendant and to the credit reporting agencies. Defendant has not corrected its
reports to the credit reporting agencies.

67.

Defendant Chase Bank claims that Plaintiff was late on payments on Chase
Account "A" in 2010.  Defendant reported this account as delinquent to the credit
reporting agencies.

68.

Plaintiff made all payments on time on Chase Account "A".   Defendant
wrote Plaintiff in 2010 that Plaintiff was not delinquent on this account and that
Defendant would correct the false delinquent report it had previously provided to
the credit reporting agencies.  Defendant did not do this.  Ultimately, in 2014 after
Defendant submitted a copy of the 2010 letter to the credit reporting agencies, the
credit reporting agencies removed this false report.

69.

Defendant's reports and failure to remove reports as promised was done
with malice and/or intent to injure Plaintiff.

Page 20 - FIRST AMENDED COMPLAINT

70.

Plaintiff's reputation was injured by Defendant's false reports to the credit reporting agencies in that his credit score was lowered causing him to be perceived as a higher risk credit applicant.

71.

Plaintiff demanded that retractions from Defendant Chase Bank be sent to the credit reporting agencies. To the best of Plaintiff's knowledge, Defendant Chase Bank has never sent retractions to the credit reporting agencies.

72.

As a direct cause of Defendant's defamation, Plaintiff has suffered the following actual damages: the plaintiff received a loan at 5% through Banner Bank versus the 3.6% Umpqua loan, resulting in approximately $150,000 in damages.

73.

Defendant Chase's complete and utter indifference to its obligations under common law and reveals a conscious disregard of the rights of Plaintiff, and the injuries suffered by Plaintiff are attended by circumstances of fraud, malice, and willful and wanton misconduct, calling for an assessment of punitive damages.

//

//

Page 21 - FIRST AMENDED COMPLAINT

## SEVENTH CLAIM FOR RELIEF

Money Had and Received

Against Providence Health & Services

74.

Plaintiff realleges paragraphs 1 – 73 above.

75.

Providence St. Vincent is an abn of Providence Health & Services- Oregon.

76.

In September, 2014, Plaintiff learned that Providence St. Vincent had sent $266.17 of money owed by Defendant Providence Health & Services to the Oregon Department of State Lands.

77.

The $266.17 given to the Oregon Department of State Lands was described by Providence St. Vincent as "Credit Balance/Accts Receivable." This money had been given to Providence St. Vincent by or on behalf of Plaintiff. The money is properly the property of Plaintiff.

78.

Providence St. Vincent and/or Providence Health & Services knew Plaintiff's address when the money was sent to the Department of State Lands and should have sent it to Plaintiff.

Page 22 - FIRST AMENDED COMPLAINT

79.

Plaintiff had to obtain its funds from the Department of State Lands in late 2014. Defendant Providence Health & Services was unjustly benefitted by the use of this money during the years it was improperly controlled by Defendant, and Plaintiff was damaged due to the loss of use of this money.

80.

Defendant's actions were intentional and wrongful and punitive damages should be awarded.

## EIGHTH CLAIM FOR RELIEF

### DECLARATORY RELIEF - 28 USC § 1332

Against Defendants Experian, Innovis, TransUnion, and Chase Bank

81.

Plaintiff realleges paragraphs 1 - 80 above.

82.

Plaintiff's credit report by the credit reporting agencies continues to include Chase Bank's incorrect and negative information about Plaintiff in regard to Chase Account "B".

83.

An actual controversy exists as to whether the account information is incorrect.

Page 23 - FIRST AMENDED COMPLAINT

84.

Plaintiff will not be able to obtain favorable credit unless this account information is declared incorrect.

WHEREFORE, Plaintiff requests entry of judgment:

1.  Awarding damages joint and severally against Defendants Experian, Innovis and TransUnion for the difference in the loan between Umpqua Bank and Banner Bank.

2.  Awarding damages against Bank of America, FIA, Providence, and Chase for the difference in the loan between Umpqua Bank and Banner Bank.

3.  Awarding Plaintiff his attorney fees jointly and severally against Defendants Experian, Innovis, and Trans Union.

4.  Awarding Plaintiff his attorney fees against Defendants Bank of America, FIA, Providence, and Chase.

5.  Awarding Plaintiff punitive damages jointly and severally against Defendants Experian, Innovis, and Trans Union.

6.  Awarding Plaintiff punitive damages against Defendants Bank of America, FIA, Providence, and Chase.

7.  Awarding Plaintiff damages against Defendant Providence for money had and received in an amount to be proven at trial.

8.      Declaring that Plaintiff was not delinquent in Chase Account "B".

9.      Awarding Plaintiff such other relief as the court deems equitable and

just.

DATED this 28th day of January, 2015.

                                        /s/ Roy B. Thompson
                                        ROY B. THOMPSON, OSB 825013
                                        AMY M. BOGRÁN, OSB 990051
                                        THOMPSON BOGRÁN, PC
                                        of Attorneys for Plaintiff
                                        5 Centerpointe Dr., Suite 400A
                                        Portland, Oregon 97035
                                        503.635.3400

## CERTIFICATE OF SERVICE

I hereby certify that I served the foregoing Amended Complaint on the attorneys for Defendants TransUnion, J.P. Morgan Chase, Bank of America by the Court's CM/ECF filing system.

I further certify that I will be promptly serving the remaining defendants who have not yet appeared in this matter in accordance with FRCP 4.

DATED this 28th day of January, 2015.

_/s/ Roy B. Thompson_____
ROY B. THOMPSON, OSB 825013
AMY M. BOGRÁN, OSB 990051
THOMPSON BOGRÁN, PC
of Attorneys for Plaintiff
5 Centerpointe Dr., Suite 400A
Portland, Oregon 97035
503.635.3400